UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case No.:_____

MR. YACCOUB E. MELHEM,
an individual, 224 Angell Road
Lincoln, RI 02865

      PLAINTIFF,

v.

Jeh Johnson, in his official capacity
as Secretary of the U.S. Dept. of Homeland Security,
U.S. Department of Homeland Security
Office of the Chief Counsel
3801 Nebraska Avenue, NW
Washington, DC 20016,

Leon Rodriguez, in his official capacity
as Director of U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of the Chief Counsel
20 Massachusetts Ave. N.W., Room 4210
Washington, DC 20529, and,

Sarah Saldana, in her official capacity
as Director of Immigration Customs and Enforcement
U.S. Department of Homeland Security
Office of the Chief Counsel
Office of the Principal Legal Advisor
20 Massachusetts Ave. N.W., Room 4210
Washington, DC 20529,

      DEFENDANTS.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.      This is an action under the Freedom of Information Act, as amended, 5 U.S.C. §552 ("FOIA"), for declaratory, injunctive and other appropriate relief, seeking production of agency records requested by plaintiff, Yaacoub E. Melhem ("Melhem") from defendants United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), and Immigration Customs and Enforcement ("ICE").

2.      DHS, USCIS and ICE have violated FOIA by: (i) improperly withholding and redacting responsive records, including failing to produce reasonably segregable portions of withheld responsive records; and (ii) conducting an inadequate search for requested records.

3.      Melhem seeks (i) a declaration that the records sought are subject to disclosure under FOIA, (ii) affirmative injunctive relief requiring DHS to immediately produce all responsive records that have been unlawfully withheld or redacted, and to conduct an adequate search for requested records; and (iii) an award of reasonable attorneys' fees and other litigation costs.

## JURISDICTION

4.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act), 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 551 *et seq.*, and 5 U.S.C. § 555(b),  § 702,  § 704 and § 706 (Administrative Procedures Act).

5.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Declaratory relief is authorized by 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 57.

2

## PARTIES

7.      Plaintiff, YAACOUB E. MELHEM ("Melhem"), born on March 22, 1983, is a native and citizen of Lebanon. Melhem's removal proceedings were reopened by the Board of Immigration Appeals on November 14, 2012. Melhem's application for permanent residency based on his marriage to a U.S. citizen is pending before the Executive Office for Immigration Review in Boston, Massachusetts.

8.      Jeh Johnson is Secretary of DHS. DHS is a department of the Executive Branch of the United States Government. DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession of, and control over, the information sought by Melhem under FOIA.

9.      Leon Rodriguez is the Director of USCIS. USCIS is a component agency of DHS and is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). USCIS has possession of, and control over, the information sought by Melhem under FOIA.

10.     Sarah Saldana is the Director of ICE. ICE is a component agency of DHS and is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession of, and control over, the information sought by Melhem under FOIA.

## FACTUAL ALLEGATIONS

11.     The Board of Immigration Appeals ("BIA") reopened Melhem's removal proceedings on November 14, 2012 based upon a joint motion to reopen by DHS and Melhem.

12.     Following the vacating of Melhem's final order of removal and remand to U.S. Immigration Judge Matthew J. D'Angelo, on April 30, 2013, the Boston Office of Chief Counsel

3

of DHS/ICE declined to terminate removal proceedings to allow Melhem to apply for permanent residency in front of DHS/USCIS.

13.     On May 9, 2013 undersigned counsel filed a Motion to Compel Production of Melhem's A-File Pursuant to INA § 240(c)(2)(B) ("Motion to Compel"). This motion was subsequently denied by U.S. Immigration Judge Matthew J. D'Angelo on October 3, 2014 at the Pre-Trial Hearing.

14.     On October 3,2014, at the Pre-Trial Hearing, statements were made by DHS' counsel that Melhem had engaged in marriage fraud, and that DHS had no duty to disclose this evidence prior to Melhem's Trial. In its written opposition to a later motion for administrative closure, dated December 17, 2014, DHS realleged that it has evidence of marriage fraud in Melhem's records. DHS' Objection to Administrative closure containing DHS' written proffer to the Immigration Judge is attached as Exhibit A.

15.     On June 30, 2014, Attorney Danielle Huntley, an Associate of the undersigned counsel, filed a FOIA request ("FOIA Request") on behalf of Melhem to USCIS a component agency of DHS. The FOIA Request sought all records possessed by DHS regarding Melhem. A copy of the FOIA Request is attached as Exhibit B.

16.     On August 27, 2014, DHS mailed its response to the FOIA Request (the "DHS FOIA Response"). The DHS FOIA Response cover letter is attached as Exhibit C.

17.     The DHS FOIA Response withheld 92 pages in full, 114 pages in part, and referred 330 pages to DHS/ICE. As grounds, DHS asserted that the pages withheld were exempt from disclosure under 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

18.     DHS failed to provide reasonably segregable portions of the 536 pages of withheld responsive records, as required by 5 U.S.C. § 552(b).

19.     DHS redacted responsive records on the grounds that that the redacted information redacted was exempt from disclosure under 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E).

20.     On October 21, 2014, undersigned counsel, on behalf of Melhem, appealed administratively the DHS FOIA Response (the "Appeal"). The Appeal is attached as Exhibit D.

21.     On December 1, 2014, DHS mailed its response to the Appeal (the "DHS Appeal Response"). The DHS Appeal Response cover letter is attached as Exhibit E.

22.     The DHS Appeal Response released 42 additional pages, 27 in part and 15 in full. It did not reference the 330 pages referred to ICE.

23.     DHS failed to provide reasonably segregable portions of the 42 pages of withheld responsive records, as required by 5 U.S.C. § 552(b).

24.     DHS redacted responsive records on the grounds that that the information redacted was exempt from disclosure under 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).


## COUNT I

### (Failure to Provide Response Records against DHS/USCIS)

25.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as if set forth fully here.

26.     On June 30, 2014, Melhem properly submitted a request to DHS/USCIS for records that are public records subject to FOIA.

27.     DHS/USCIS failed to provide reasonably segregable portions of the 206 pages that it withheld in full or in part.

28.    DHS/USCIS improperly relied on exemptions under 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6), (b)(7)(c), and (b)(7)(e) in withholding and redacting responsible records.

29.    Accordingly, DHS/USCIS' withholding and redaction of responsible documents is improper and violates FOIA.

## COUNT II

### (Failure to Provide Response Records against DHS/ICE)

30.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as if set forth fully here.

31.    On August 27, 2014, DHS/USCIS referred 330 pages to DHS/ICE for review.

32.    To date, DHS/ICE has not sought any additional extensions of time within which to respond to Melhem's request, nor has DHS/ICE provided any of the 330 pages referred to it by DHS/USCIS.

## COUNT III

### (Failure to Conduct an Adequate Search for Responsive Records)

33.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as if set forth fully here.

34.    DHS, USCIS and ICE conducted an inadequate search for responsive records in violation of 5 U.S.C. § 552(a)(3).

35.    Upon information and belief, DHS, USCIS and ICE possess information related to allegations of marriage fraud against Melhem.

36.     DHS, USCIS and ICE did not include any information related to allegations of marriage fraud against Melhem, despite the written proffer by DHS to the Immigration Judge that such information is in the possession of DHS, USCIS and ICE. DHS' Objection to Administrative closure containing DHS' written proffer to the Immigration Judge is attached as Exhibit A.

37.     Accordingly, DHS, USCIS and ICE's failure to adequately search for and produce information related to allegations of marriage fraud against Melhem is improper and violates FOIA.

COUNT IV

(Violation of the Administrative Procedure Act)

38.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 24 as if set forth fully here.

39.     DHS, USCIS and ICE's action in withholding the requested information is arbitrary and capricious under 5 U.S.C. §551 *et seq.*, and 5 U.S.C. §555(b), §702, §704 and §706 the Administrative Procedures Act.

40.     DHS, USCIS and ICE have willfully and unreasonably refused to provide Melhem with the information requested under FOIA.

41.     Melhem has a right to a copy of the requested documents under 5 U.S.C. §552(a)(3).

42.     There is no legal basis for DHS', USCIS' and ICE's failure to provide. Melhem a copy of the requested material in a timely manner.

43.     The withheld material from Melhem's alien registration file is not exempt from disclosure under the Freedom of Information Act.

7

**WHEREFORE**, Melhem respectfully requests that this Court:

A.      Declare that DHS/USCIS's failure to provide reasonably segregable portions of the 206 pages of withheld responsive records is unlawful under FOIA.

B.      Declare that DHS/USCIS' withholding and redaction of responsive records is unlawful under FOIA.

C.      Declare that DHS/ICE's withholding of 330 pages of responsive records is unlawful under FOIA.

D.      Declare that DHS, USCIS and ICE's failure to conduct an adequate search for requested records is unlawful under FOIA.

E.      Declare that DHS, USCIS and ICE's failure to respond to the DHS FOIA Response and administrative Appeal within the statutory time period is unlawful under FOIA.

F.      Declare that DHS' written proffer to the Immigration Judge that DHS is in possession of records containing information related to allegations of marriage fraud against Melhem constituted a waiver of any FOIA exemptions that the records may have fallen under.

G.      Enter an affirmative injunction that directs DHS to search for and make all requested records available to Melhem, unredacted, and without any further delay.

H.      Order DHS, USCIS and ICE to provide Melhem with a complete copy of the withheld material from his alien registration file; or

I.      Award Melhem reasonable attorneys' fees and other litigation costs as provided by 5 U.S.C. §552(a)(4)(E).

J.      Grant Melhem any further relief this Court deems just and proper.

DATED:      March // , 2015

Respectfully Submitted:

LAWRENCE P. LATAIF, ESQ.
D.C. Bar No. 60814
LATAIF LLC
*Attorney for Plaintiff*
858 Washington Street
Suite 301
Dedham, MA 02026
Telephone:  781-686-1449
Cell:          954-931-3113
Fax:           781-686-1643
Email:        LLataif@Lataif.com

9